## Michelle McCART (LaRoche) v. Kenneth Ross McCART

[697 A.2d 353]

No. 96-399

June 5, 1997. Plaintiff-mother appeals from an order of the Franklin Family Court modifying parental rights and responsibilities by prohibiting her from moving to New Mexico with the minor children. We reverse.

The parties were divorced in 1994 after nine years of marriage. The court awarded mother sole parental rights and responsibilities of the two minor children, who were eight and three years old at the time of the modification hearing in the summer of 1996. The parties live about seven miles apart in Franklin County. Father has maintained a regular and frequent visitation schedule with the children since the divorce.

In January 1996, mother informed father that she had become engaged and planned to move with the children that summer to New Mexico, where her fiance was employed. A few months later, father sought, in accordance with 15 V.S.A. § 668, to modify the divorce judgment to

obtain sole legal and physical custody of the children. Following a hearing, the court found that mother's move represented a substantial and unanticipated change of circumstances. As to the interests of the children, the court found the considerations to be closely balanced, but on the whole favored maintaining custody with mother. Although, as the court observed, the loss of frequent contact with father would "have a substantial, adverse impact on the children . . . [they] would suffer even more of a loss if they were taken from [mother's] care and placed with [father] since she has been their primary caregiver."

Balanced against these concerns, the court weighed mother's reason for the move — to be with her fiance in New Mexico — and found it to be "trivial compared to the substantial loss the children will suffer as a result of their ongoing separation from [father.]" Based on these findings, the court concluded that mother should be prohibited from moving to New Mexico with the children, and entered an order accordingly.

The court's order prohibiting mother's move was improper under *Lane v. Schenck*, 158 Vt. 489, 614 A.2d 786 (1992). There, we held that the court may not substitute its judgment for that of the custodial parent with respect to the wisdom of a decision to relocate. Rather,

> [t]he proper inquiry was for the court to determine the appropriate custodial parent in light of the change in circumstance — the move to a distant location. . . . If the court concludes that the best interests of the children would be better served by continuing to live with the custodial parent in the new location rather than with the non-custodial parent in Vermont, the motion to modify must be denied.

*Id.* at 497-98, 614 A.2d at 790-91. Conversely, if the court determines that the move would prove more detrimental to the children, then a change of custody is warranted.

These were the choices available to the family court; disallowing the move was not a permissible disposition. However much one may sympathize with the court's desire to maintain the family unit, it could not substitute its judgment for that of the custodial parent. See *id.* at 499, 614 A.2d at 791 ("While the policy promoting visitation must be considered, concerns relating to it must not overshadow the proper role of the custodial parent."). Having found, on balance, that the children's best interests lay with maintaining custody in mother, the court abused its discretion in prohibiting the move rather than denying the motion. Of course, the court remains free on remand to modify the visitation or child support schedules to accommodate any additional costs or burdens occasioned by mother's relocation to New Mexico.

*Reversed and remanded for further proceedings consistent with this opinion.*