REIBER, C.J., concurring.
 

 ¶ 26. I agree with the majority that the family court should have modified the parties' current parental rights and responsibilities in response to mother's intended relocation rather than maintain those rights and responsibilities based on its conclusion that the relocation is not in their child's best interests. Accordingly, I concur with the majority's legal analysis and mandate. I write separately, however, to state some of the gaps in the majority's rendition of the family court's findings and to emphasize what should be the critical considerations for the court on remand.
 

 ¶ 27. The way the family court resolved the parties' motions is understandable, given the circumstances of this case and how the parties' framed their dispute. The evidence presented at the motion hearing focused on whether mother's intended move was in the best interests of the parties' son, and mother was noncommittal when father's attorney, and then the court, questioned her as to whether she would move if the court were inclined to determine that the move was not in the boy's best interests.
 

 ¶ 28. Father presented the testimony of relatives to establish that the parties' son had close relationships with members of father's extended family living close by in Vermont, where the boy had spent his entire life. The court found that the child "has a very close relationship with his aunts, uncles, and cousins who all live in the area," and concluded that moving the boy "from a loving, stable environment where he has lived for his entire life surrounded by a close knit group of family and friends to a large city where he only knows [mother] and her husband is not in [his] best interest."
 

 ¶ 29. In contrast, with respect to mother and her husband, the court found that, except for the husband's month-long business trip to Las Vegas in January 2015 when he and mother got married, the two had "not resided together for more than a few days at a time." The court also found that plaintiff and her husband "had some rocky patches" before being married and "took a break" from their relationship for several months; that mother's husband had been living in New York since 2013; that the parties' son had been to New York with mother to visit her husband on only two occasions since the two were married; that the child had had "face to face contact" with the husband only "a few times"; and that mother "would need to
 rely completely on [her husband] to do her share of any transportation required to facilitate parent-child contact" because she did not drive due to anxiety. These were some of the facts that, in concert with how the parties framed the issue, led the court to focus on whether mother's intended relocation was in the best interests of the parties' child rather than on whether, given the intended relocation, the best interests of the child warranted transferring physical parental rights and responsibilities to father.
 

 ¶ 30. As the majority correctly concludes, notwithstanding how the parties framed their dispute at the motion hearing, the family court should have determined how to modify parental rights and responsibilities in light of mother's intended relocation-whether to transfer physical responsibility to father or whether to maintain that responsibility with mother. I agree with the majority that
 
 Lane v. Schenck
 
 ,
 
 158 Vt. 489
 
 ,
 
 614 A.2d 786
 
 (1992), and
 
 McCart v. McCart
 
 ,
 
 166 Vt. 629
 
 ,
 
 697 A.2d 353
 
 (1997) (mem.), are the controlling precedents that direct the family court to consider how parental rights and responsibilities are to be modified in light of an intended relocation rather than to substitute its judgment for that of the custodial parent as to whether the move itself serves the child's best interests.
 

 ¶ 31. It is important to recognize, however, that in both of those cases the custodial parent had been awarded sole physical and legal rights and responsibilities. See
 
 McCart
 
 ,
 
 166 Vt. at 629
 
 ,
 
 697 A.2d at
 
 353 ;
 
 Lane
 
 ,
 
 158 Vt. at 491
 
 ,
 
 614 A.2d at 787
 
 . In contrast, in this case, the parties share legal rights and responsibilities, and neither the family court nor the majority has modified that aspect of the parentage order. That is noteworthy because in past cases we have upheld the family court's transfer of physical rights and responsibilities to the parent remaining in Vermont, based on a consideration of the child's best interests, in situations where that parent shared legal rights and responsibilities with the parent seeking to relocate. See, e.g.,
 
 Rogers v. Parrish
 
 ,
 
 2007 VT 35
 
 , ¶ 2,
 
 181 Vt. 485
 
 ,
 
 923 A.2d 607
 
 ;
 
 Habecker v. Giard
 
 ,
 
 2003 VT 18
 
 , ¶ 2,
 
 175 Vt. 489
 
 ,
 
 820 A.2d 215
 
 (mem.). Moreover, although mother was awarded sole physical parental rights and responsibilities, her attorney, in explaining to the court mother's interest in fostering an ongoing relationship between father and the parties' son, stated that mother "has honored a shared parenting paradigm." Cf.
 
 Sochin v. Sochin
 
 ,
 
 2005 VT 36
 
 , ¶¶ 2-3,
 
 178 Vt. 535
 
 ,
 
 872 A.2d 373
 
 (mem.) (upholding transfer of custody to nonrelocating parent where final divorce order awarded sole physical and legal rights and responsibilities to party later seeking to relocate but maintained "shared custodial arrangement" based on parties' stipulation).
 

 ¶ 32. These are important considerations for the family court in resolving the parties' motions to modify, in that mother is not the only parent who has been awarded at least a share of some aspect of parental rights and responsibilities. As we stated in
 
 Hawkes v. Spence
 
 , "a critical factor in relocation cases is the amount of rights and responsibilities exercised by each parent."
 
 2005 VT 57
 
 , ¶ 12,
 
 178 Vt. 161
 
 ,
 
 878 A.2d 273
 
 . That the parties have shared legal responsibility and possibly a de facto shared custodial arrangement should be key factors in the family court's assessment of the motions to modify stemming from mother's intended relocation. Thus, on remand, the family court should take into account the parties' current parental rights and responsibilities when considering the effect any modification would have on the child's stability, family relationships,
 and opportunities in the alternative living arrangements.